### MINERVA BRUMLEY v. THE STATE.

No. 3345.   Decided March 21, 1906.

**1.—Embezzlement—Confession—Warning.**

Upon trial for embezzlement, there was no error in admitting defendant's confession, it being shown that he was properly warned by the officers.

**2.—Same—Peremptory Instruction to Acquit.**

Upon a trial for embezzlement, where there was sufficient evidence to authorize the jury to find that defendant had converted the money alleged to have been embezzled, or was a principal in the transaction, there was no error in the court's refusal to give a peremptory charge to acquit the defendant.

**3.—Reforming Judgment—Verdict—Practice on Appeal.**

Where the indictment charged both embezzlement and theft, but the latter count was withdrawn, and the judgment was entered for the crime of theft and the sentence followed the judgment, the appellate court under the statute having authority to conform the judgment and sentence to the verdict, the judgment will be so reformed as to conform same to the verdict finding defendant guilty of embezzlement.

Appeal from the District Court of Grayson. Tried below before the Hon. B. L. Jones.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Abney & Gafford,* for appellant.

*Howard Martin,* Assistant Attorney-General for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for embezzlement.

There are no bills of exception in the record separate from the statement of facts. In the motion for new trial it is urged that the court erred in not instructing the jury to return a verdict of not guilty, as shown by bill of exceptions number 1; and again, the court erred in admitting the alleged confession of defendant, as shown by bill of exceptions number 2. Whatever exception may have been reserved to this is to be found in the stenographer's report of the testimony. In regard to the confession it is sufficient to say that a proper predicate was laid. Appellant was duly warned by the officers; therefore, we think that what purports to be a confession was properly before the jury.

The matter with reference to instructing the jury to return a verdict of not guilty is also mentioned in the stenographer's report of the testimony. We do not believe the court erred in not so instructing the jury. There is sufficient evidence to authorize the jury to find appellant guilty. Briefly stated, the party whose property is alleged to have been embezzled turned over to appellant $20 a month, in ten dollar bills, covering a period of six months, making $120. He drew from her at intervals money amounting to $30, $5 of which was returned, leaving in her possession $95. He received $5 more from appellant, leaving the amount supposed to have been converted at the sum of $90. This money was turned over to appellant by the principal to hold and keep for him. The State's theory is that on a certain night in March, the husband of appellant and another party, supposed to be the brother of the alleged injured party, broke into appellant's room, and took the money, and also broke in the adjoining room, where they secured money from another lodger at appellant's house. She seems to have kept a boarding or lodging establishment. Her confession is to the effect that her husband came home in the early part of the night before the transaction, and informed his wife that he did not propose to work so hard in the future for money, that he would secure it otherwise, and went away. Later, during the same night, in company with another party, he entered appellant's rooms, and took the money. Appellant states that she was awakened by the turning over of a chair, grabbed a pistol, went to the door and dis-

covered the parties on the gallery opening a trunk; that two shots were fired at her; and she in turn fired two or three shots. Without going into a detailed statement of this, it was shown with sufficient certainty for the jury to so find, that this was a concocted story; that the two shots that should have been fired at her entered the door in the room in which she placed herself, but that the door had been turned back and was against the door of the closet on the inside of the house, and the shots were so fired, after passing through the door she had opened they went into the door of the closet against which the door she had turned back was resting. Placed in this position it would have been an utter impossibility for the shots fired from the gallery to have penetrated the door. More than that, around the holes made by the bullets was evidence of powder-burns, showing the range at close proximity. In other words, the deduction is clearly to be made that she fired the two shots that went through this door, and that they were not fired from the outside. She further stated in her confession, as detailed by the sheriff, that it was a part of the plan that she was to fire these shots. So, taking the testimony in a general way, the jury were warranted in coming to the conclusion that there was an agreement between appellant and her husband that the money was to be taken from her possession, or if not then taken from her possession, that the scheme was to cover a prior conversion of the money on their part. Answering the criticism of the sufficiency of the evidence, we would say that there was sufficient testimony before the jury to authorize them in finding she had converted the money, or was a principal in the transaction. Therefore, the court did not err in giving a peremptory instruction to find appellant not guilty. This is the case as we understand it.

There is another matter which is necessary to be noticed. The court submitted alone that portion of the indictment which charges embezzlement. The count charging theft was withdrawn from the jury. The judgment was entered for the crime of theft, and the sentence followed the judgment. Under the statute this court has authority to conform the judgment and sentence to the verdict rendered by the jury. It is therefore ordered, that the judgment and sentence be made to conform to the verdict, and appellant will be held guilty of embezzlement as ascertained by the verdict, and to this extent the judgment and sentence are reformed. As reformed, the judgment is affirmed.

*Affirmed.*